**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOUGLASS SLOAN, ) | |
| ) | Case # 16-10027 |
| Plaintiff, ) | Judge S. Martin Teel, Jr. |
| ) | Next Court Date: 12/13/2016 |
| v. ) | Event: Pre Trial Conference |
| ) | |
| CARLOS ALLEN, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant Carlos Allen submits this Memorandum of Points and Authorities in support of Motion for Summary Judgment, because of failure on the part of Plaintiff to state a claim upon which relief can be granted.

At bottom, this case is essentially nothing more than a debt collection action arising from a breach of contract. While Plaintiff clearly believes that he should be paid something, the allegation that he has not been paid what he purports to be owed (regardless of how that came to be) fails to show that anyone wished him any ill will. To add to that, Plaintiff's claim is TIME BARRED BY STATUTE OF LIMITATIONS as breach of the loan agreement was known by the Plaintiff when Plaintiff submitted a proof of claim to this court on May 14, 2009. A contract was initiated on July 23, 2008 and suit was not filed until August 12, 2013. **(See exhibit A).** Also Plaintiff does not allege any fact that would give rise to a plausible motive to harm Plaintiff or to do anything other than avoid paying a debt. Plaintiff's conclusory allegations are unavailing. He has therefore failed to state a claim for the reasons discussed below. All of Plaintiff's claims against Defendant is fundamentally flawed, Time Barred and subject to Granting of Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff originally filed this civil action in August 12, 2013, naming Defendant Carlos Allen and others. On January 20th 2016, Defendant filed Chapter 13 that was converted to a Chapter 7.

Plaintiff has filed Complaint objecting to Defendants Bankruptcy which attempts to stop Defendants discharge. **The Complaint alleges in the Facts section of paragraph 10,** claims for breach of contract, fraud in the inducement, civil conspiracy, fraudulent transfer, and fraudulent misrepresentation.

The Complaints alleges that Defendant entered into a contract with Plaintiff in 2008, pursuant to which Plaintiff loaned Defendant a sum of money to be used to improve a real property.

The Complaints alleges that, in August 2013, Carlos Allen improperly transferred an interest in the aforementioned real property to Defendant Anna Allen who then sold it, and that there was a subsequent transfer of some of the sales proceeds from Defendant Anna Allen to Defendant AMG. He alleges that AMG used all of the funds transferred to it at the direction of Defendant for the benefit of Defendant and that Defendant was the owner of AMG. Plaintiff no longer alleges that Defendant is owner of AMG as he has discussed in his "Opposition of AMG and Karen Brooks to Dismiss Fifth Amended Complaint" in Superior Court of Washington DC. **See Exhibit B**

As discussed below, Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

## Legal Standard

I.  **Standard for Granting Summary Judgement.**

The Federal Courts have been consistent with Summary Judgment. The general premise is Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c). If, as in this case, the burden of persuasion at trial must be borne by the non-moving party, the party moving for summary judgment may satisfy the burden of production under Rule 56 of the Federal Rules of Civil Procedure by either submitting affirmative evidence that negates an essential element of the non-moving party's claim, or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. Celotex v. Catrett, 477 U.S. 317, 331 (1986); Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e). In the case at bar, the Plaintiff's case is insufficient to establish any essential elements for his claim to stand.

Bankruptcy Rule 7056, which governs summary judgment in bankruptcy proceedings, incorporates Rule 56 of the Federal Rules of Civil Procedure. FED. R. BANKR. P. 7056; United States v. Spicer, 57 F.3d 1152, 1159 (D.C. Cir. 1995). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).

# ARGUMENT

"Section 727 of the Bankruptcy Code allows debtors to receive a general discharge of their debt in keeping with the Bankruptcy Code's purpose of giving honest debtors a fresh start unhampered by the pressure and discouragement of preexisting debt." "Wachovia Bank, N. A. v. Voccia (In re Voccia), Adv No. 09-03242-DOT, 2011 WL 351187, at *5 (Bankr. E.D Va Feb. 1, 2011)(citing Farouki v. Emirates Bank Int'L, Ltd., 14 F. 3d 244, 249 (4th Cir. 1994).

The Court should grant the Defendant's Summary Judgment based on previous precedents as stated in the standard of review above. Where the court is faced with two plausible but competing inferences, the court should grant summary judgment to the movant defendant when there is no reasonable evidentiary basis for drawing the inference beneficial to the nonmovant plaintiff. In essence, where the plaintiff's evidence is sufficient for the jury to adopt an inference beneficial to the plaintiff under the preponderance standard, summary judgment is not appropriate. See Anderson, 477 U.S. at 250, 106 S.Ct. at 2511. Conversely, however, if the court finds the plaintiff's evidence insufficient to support a jury adopting an inference in the plaintiff's favor under the preponderance standard the summary judgment should be granted in favor of the defendant. In this case, the summary judgment should be granted in the favor of the Debtor for the case at bar. The Plaintiff's evidence will not support the preponderance of evidence because as evident from his discovery. The Plaintiff does not have any evidence therefore; his claim should not be maintained.

Courts should not be used as a pawn in a game of deceit by parties. The Plaintiff's lawsuit is used more as miscarriage of justice because it is bogus, fraudulent and misleading for the Court and Defendant. The Plaintiff has received a great deal of the money from the

2

Defendant as a payment for the promissory note prior to filing the lawsuit. This payment was in satisfaction of the debt.

The filing of the lawsuit along with the Complaint Objecting to the Discharge is nothing but examples of the patterns and practice of the Plaintiff trying to manipulate, fabricate, conceal and mislead the court. The actions by the Plaintiff can only lead to a reasonable inference of intent to hinder, delay and defraud the Court. Therefore, the Court should grant the Motion for Summary Judgment.

The second premise why the Court should grant the Defendant's Motion for Summary Judgment is that there are no genuine issues of a material fact which have been adequately shown by the Plaintiff. The Court should rule in the Defendant's favor because the Plaintiff has failed to comply with Rule 56 of the Federal Rules of Civil Procedure which states:

Rule 56, Fed.R.Civ.P.

provides, in relevant part: "The judgment sought shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial. "

Rule 56(c) and (e), Fed.R.Civ.P

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. Greene, 164 F.3d at 675. If the evidence

7

"is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50. In the case at bar, the Plaintiff does not have any evidence to show a significantly probative value. Significantly, the Motion for Summary Judgment should be granted for the Defendant.

I. **Summary Judgment should be Granted Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

   A. **Plaintiff has a claim for breach of contract.**

   I.   Complaint is for breach of contract against Defendant.

   The Motion for Summary Judgment should be granted because this claim by the Plaintiff is time barred because of the statute of limitation. The statute of limitation in accordance with the D.C. Code §12-301(7) states that any claims for contracts must be brought within three years. In the present case, the contract was executed in 2008. The Plaintiff filed a proof of claim on May 14, 2009 in the United States Bankruptcy Court for District of Columbia for the breach of contract against the Defendants mother Anna Allen who is the other party to initial suit in 2013. The Plaintiff had until 2012 to bring a claim. Yet, the Plaintiff did not bring a timely claim. The Plaintiff finally filed a claim in 2013, but it too is time barred because of the statute of limitation. The Defendant filed the Bankruptcy Petition in 2016. Now, the Plaintiff is attempting to try and collect after the statute of limitation has run. There is no plausible reason why the statute of limitation should be tolled. Therefore, the Motion for Summary Judgment should be granted because the statute of limitation has passed for the Plaintiff to bring his claim.

   II.  Precisely, the Plaintiff knew or should have known that his claim was timed barred by the applicable statute of limitation. Even if the Plaintiff did not know, his Attorney should have known that the case was time barred because of the statute of

2

        limitation and that the **Plaintiff provided a proof of claim documents to the Superior Court of the District of Columbia for his lawsuit against Defendant on August 12, 2013.** This is yet another tool of deception by the Plaintiff and his Attorney. The Plaintiff's factual allegations are not true because of fraud and deceit.

III.    However, if one even believed that the Plaintiff's factual allegations are true; he is not entitled to any monetary or equitable relief. The Plaintiff's claim and objections are clearly outside of the applicable statute of limitations, and were therefore legally unenforceable claims." In Count One, Count Two, Count Three, Count Four, and Count Five of the Plaintiff's Objections to the discharge, he is trying to ascertain information about the Debtor's financial affairs in which he does not have a right to . The Defendant contending that the Plaintiff violated 11 U.S.C. §§ 105(a), 502 and 524 by filing a proof of claim that the Plaintiffs knew or should have known was "legally unenforceable" due to the expiration of the relevant statute of limitations.

IV.    The Defendant will rely upon Commonwealth ex rel Fisher v. Cole, 709 A.2d 994 (Pa. Cmwlth. 1998), the debtor maintains that a proof of claim filed when the claimant knows that the limitations period has expired violates both state law as well as federal bankruptcy and non-bankruptcy law, and thus is sanctionable. Otherwise, the claimant may obtain a distribution in a bankruptcy case to which it is not entitled. Moreover, trustees and debtor must expend time and energy to insure that a wrongful distribution does not occur. In the present case, if the Plaintiff should not be allowed to maintain his claim and objections should be dismissed and sanctions ordered.

V.  The Motion for Summary Judgment should be granted because the Plaintiff does not have a claim. The mere existence of a claim, however, does not entitle a creditor to payment. Section 502(b) (1) provides, in essence, "that a claim shall be disallowed to the extent that the claim is unenforceable under applicable law." In re Greenspan, 2002 WL 31934321, at *2 (D. Md. 2002). Therefore, if as of the date of the debtor's bankruptcy filing a creditor's claim was barred by the applicable statute of limitations, then the claim must be disallowed upon objection by a party in interest. Thus, the claim by the Plaintiff should be disallowed because it is barred by the statute of limitations.

**b. The Complaint fails to state a claim for fraud in the inducement.**

The Complaint is for "fraud in the inducement." .

The District of Columbia Court of Appeals has not recognized a separate and distinct tort for "fraudulent inducement" or "fraud in the inducement." It has, of course, recognized the tort of fraudulent misrepresentation (*i.e.*, fraud). *See, e.g., Dresser v. Sunderland Apartments Tenants Ass'n, Inc.*, 465 A.2d 835, 839 (D.C. 1983) (reciting the elements of a claim for fraudulent misrepresentation). It has also recognized fraudulent inducement as a defense to a claim for breach of contract. *See, e.g., Wash. Inv. Ptnrs. of Del., LLC v. Sec. House*, 28 A.3d 566, 575-77 (D.C. 2011).

The United States District Court for the District of Columbia has, on many occasions, considered claims for "fraudulent inducement" sounding in tort, and, in doing so, has treated such claims as claims for fraudulent misrepresentation (*i.e.*, fraud). *See, e.g., Xereas v. Heiss*, 933 F. Supp. 2d 1, 10 (D.D.C. 2013) (stating that, under D.C. law, "the elements of fraud and fraudulent inducement are the same."); *In re U.S. Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d

2

To establish a claim for fraudulent misrepresentation (*i.e.*, fraud), a plaintiff must show: "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken . . . in reliance upon the representation, (6) which consequently resulted in provable damages." *Dresser*, 465 A.2d at 839; *accord Stancil v. First Mt. Vernon Indus. Loan Ass'n*, 131 A.3d 867, 870 (D.C. 2014); *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001).

Here, Plaintiff fails to allege any of these essential elements of a claim for fraudulent misrepresentation against Defendant. Plaintiff cannot allege, Defendant made any false representation, or any of the other essential elements. Indeed, the allegations do not even mention any misrepresentation. Therefore fraud in the inducement fails, with respect to the Defendant, to comply with even ordinary pleading requirements, let alone Rule 9(b)'s heightened pleading requirements for allegations of fraud. *See Atraqchi*, 788 A.2d at 563 (dismissing claim for fraudulent misrepresentation because plaintiff failed to plead claim with particularity as required by Rule 9(b)).

As explained above, a claim for fraudulent inducement is simply a claim for fraudulent misrepresentation made by another name. Furthermore, allowing Plaintiff to proceed simultaneously on both, would waste the resources of the parties and the Court, and, if allowed to persist through trial, would risk causing confusion to the jury.

In sum, the Complaint fails to state a claim against Defendant.

### c. The Complaint fails to state a claim for civil conspiracy.

Complaint is for civil conspiracy against defendants

11

To establish a common law claim for civil conspiracy, a plaintiff must show "(1) an agreement between two or more persons; (2) to participate in an unlawful act . . . ; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Griva v. Davison*, 637 A.2d 830, 848 (D.C. 1984) (citing *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)); *accord Saucier v. Countrywide Home Loans*, 64 A.3d 428, 446 (D.C. 2013).

"'Liability for civil conspiracy depends on performance of some underlying *tortious* act'; 'civil conspiracy is not independently actionable; rather[,] it is a means for establishing vicarious liability for [an] *underlying tort*.'" *Saucier*, 64 A.3d at 446 (brackets omitted; emphasis added; quoting *Halberstam*, 705 F.2d at 479); *accord Executive Sandwich Shoppe, Inc., v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000). Accordingly, "a civil conspiracy claim incorporates . . . every substantive element of the *underlying tort*." *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. 2009) (emphasis added); *Sykes v. United States Att'y*, 770 F. Supp. 2d 152, 155 (D.D.C. 2011).

Plaintiff's claim for civil conspiracy must be rejected under the foregoing principles. Plaintiff cannot base his claim for civil conspiracy on (breach of contract) because breach of contract is not a tort and there is no recognized cause of action for conspiracy to breach a contract. *See Metro D.C. Paving, Highway & Constr. Materials Council v. Roubin & Janeiro, Inc.*, Civ. No. 80-699, 1981 U.S. Dist. LEXIS 10118, *6-7 (D.D.C. May 26, 1981) (stating that plaintiff conceded that it was "unable to locate any District of Columbia decision recognizing the tort of conspiracy to breach of contract" and rejecting the plaintiff's request "to have this Court create a new local cause of action").

Likewise, Plaintiff cannot base his claim for civil conspiracy on (fraudulent transfer) because there is no recognized tort for fraudulent transfer. Plaintiff must proceed – if at all – under an alleged violation of the District of Columbia's Fraudulent Transfer Act, D.C. Code §§ 28-3101 to -3111. The Fraudulent Transfer Act, however, does not contain any provision establishing a cause of action for civil conspiracy. *See id.* Furthermore, the District of Columbia Court of Appeals has cast serious doubt on the possibility that a common law claim for civil conspiracy can be based on the violation of a statute. *See Executive Sandwich Shoppe*, 749 A.2d at 739 (instructing trial court to consider, on remand, whether a common law claim for civil conspiracy can be based on a violation of the D.C. Human Rights Act, and citing authority from another jurisdiction suggesting that a common law claim for civil conspiracy cannot be based on a violation of a statute). As a result, the United States District Court for the District of Columbia has outright rejected a common law claim for civil conspiracy based on the violation of a statute. *See Findlay v. Citimortgage, Inc.*, 813 F. Supp. 2d 108, 122- 23 (D.D.C. 2011) (concluding that "the District of Columbia Court of Appeals would not recognize a civil conspiracy claim based solely upon violations of the [D.C. Consumer Protection Procedures Act]").

Also, Plaintiff cannot base his claim for civil conspiracy on (fraud in the inducement) or (fraudulent misrepresentation). As explained *supra* II.B and *infra* II.E, both of those counts depend upon showing, *inter alia*, the existence of false statements made to Plaintiff. However, there is no allegation that Defendant had any knowledge or involvement in any alleged false statements, let alone that there was any agreement by them relating to those statements. Therefore Plaintiff fails, to comply with even ordinary pleading requirements, let alone Rule 9(b)'s heightened pleading requirements for allegations of fraud. *See Murray*, 2001 D.C. Super. LEXIS 3, at *23-24 (stating that Rule 9(b) "applies to a claim of conspiracy to

commit fraud" (citing, *inter alia*, *Higgs*, 472 A.2d at 877)).

In sum, Plaintiff fails to state a claim for civil conspiracy against Defendant.

### d. Complaint fails to state a claim for fraudulent transfer.

Complaint is for fraudulent transfer against defendant."

There is no recognized tort for fraudulent transfer. To state a claim for fraudulent transfer, a plaintiff must establish liability under the District of Columbia's Fraudulent Transfer Act, D.C. Code §§ 28-3101 to -3111. The Act allows a creditor to bring a civil claim for a transfer of funds or other property by a debtor to a third person where the transfer is deemed fraudulent. *See id.* A claim for fraudulent transfer may be brought under various statutory provisions, each of which provides a different substantive standard for determining whether a transfer is fraudulent. *See id.* §§ 28-3104(a)(1), 28-3104(a)(2), 28-3105(a), and 28-3105(b). Complaint fails to conform to the pleading standards of Rule 8(a) and therefore should be dismissed. It does not identify which provision of the Fraudulent Transfer Act Plaintiff brings his claims under. This information is critical because, as noted above, each provision has different substantive standards for determining whether a transfer is fraudulent. *See* D.C. Code §§ 28-3104(a)(1), 28-3104(a)(2), 28-3105(a), and 28-3105(b). Additionally, the applicable statute of limitations depends upon which standard is being invoked and may be anywhere between one and four years. *See id.* § 28-3109. Plaintiff does not even bother alleging the specific amount of the alleged fraudulent transfer, which would be the only amount recoverable from Defendant. Plaintiff appears intent upon depriving Defendant of fair notice of his claims so as to prevent them from fully testing the sufficiency of the Complaint. Such vague pleading is fundamentally unfair and merits dismissal.

Even if fraudulent transfer were deemed to provide adequate notice, however, Plaintiff's claim against Defendant must be dismissed. Plaintiff does not allege any transfer of any kind to Defendant. He does not allege a direct transfer to Defendant. He alleges a transfer from Anna Allen to Defendant AMG. He does not allege a subsequent transfer from AMG to Defendant. Indeed, Plaintiff cannot in good faith allege such a subsequent transfer because he knows that AMG is owned by Karen Brooks. Nor does Plaintiff allege that the separate corporate existence of Defendant AMG should be disregarded. In sum, Defendant was not a transferee and therefore there is no conceivable basis for Defendant to be held liable for any alleged fraudulent transfer.

---

[1]    Plaintiff alleges a transfer of $270,000 to Defendant AMG but does not allege what, if any, portion of that amount is owed to him.

15

In sum, Plaintiff has failed to state a claim for fraudulent transfer against Defendant.

### e. Complaint fails to state a claim for fraudulent misrepresentation.

Complaint is for fraudulent misrepresentation against Defendant.

To establish a claim for fraudulent misrepresentation, a plaintiff must show: "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken . . . in reliance upon the representation, (6) which consequently resulted in provable damages." *Dresser*, 465 A.2d at 839; *accord Stancil*, 131 A.3d at 870; *Railan*, 766 A.2d at 1009.

Here, Plaintiff fails to allege any of these essential elements of a claim for fraudulent misrepresentation with respect to Defendant. Complaint does not allege that Defendant made any representation to Plaintiff, let alone a false representation, or any of the other essential elements. Complaint for fraudulent misrepresentation therefore fails, with respect to Defendant, to comply with even ordinary pleading requirements, let alone Rule 9(b)'s heightened pleading requirements for allegations of fraud. *See Atraqchi*,

788 A.2d at 563 (dismissing claim for fraudulent misrepresentation because plaintiff failed to plead claim with particularity as required by Rule 9(b)).

In sum, Complaint fails to state a claim for fraudulent misrepresentation against Defendant.

Finally, the Defendants avers the Plaintiff violated 28 U.S.C. § 1927 by their "intentional filing of improper proofs of claims" which "unreasonably and vexatiously multiplied the proceedings in Defendant's Bankruptcy Proceeding.," The Plaintiff has engaged in a pattern of filing improper proofs of claims, having knowledge that such claims were improper at the time the proof(s) of claim(s) were filed. This type of conduct shows a reckless disregard of the court and plagues the Bankruptcy Court as well as the debtors, other claimants, attorneys, judges and clerk."

In addition to the relief previously mentioned, the debtor seeks attorneys' fees incurred in objecting

to the time-barred proofs of claim, attorneys' fees incurred in litigating this adversary proceeding, monetary sanctions equal to the amount of Portfolio's proof of claim, as well as punitive damages in the amount of $60,000.00.

Based on all of the foregoing reason above, the Court should grant the Defendant's Motion for Summary Judgment.

## CONCLUSION

**WHEREFORE,** Defendants request that this Honorable Court enter an order granting Summary Judgement in his favor with respect to all claims of the plaintiff's and discharge Defendants debts.

DATED: November 16, 2016

Respectfully submitted this 16th day of , 2016

Carlos Allen

_____
Carlos Allen - Defendant
1715 Kilbourne Pl NW
Washington, DC 20010
Telephone: (240) 678-9846

UNITED STATES BANKRUPCY COURT
FOR THE DISTRICT OF COLUMBIA



FILED
NOV 1 6 2016
Clerk, U.S. District and
Bankruptcy Courts

```
DOUGLASS SLOAN,              )
                             )
        Plaintiff,           )   Case # 16-10027
                             )   Judge S. Martin Teel, Jr.
    v.                       )   Next Court Date: 12/13/2016
                             )   Event: Pre Trial Conference
CARLOS ALLEN, et al.,        )
                             )
        Defendant.           )
                             )
```

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Carlos Allen Pro Se in the above captioned matter, files this Motion for Summary Judgment. In support of Motion for Summary Judgment and for reasons stated in the accompanying Memorandum of Points and Authorities, the court should grant Summary Judgment because the Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests that the Motion be granted as there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. Defendant seeks an Order: (1) Granting Summary Judgment; (2) Granting the Discharge of the Debtor and (3) granting such other and further relief as is just and proper.

Date:  November 15, 2016                    Respectfully submitted,

                                            _____
                                            Carlos Allen Defendant – Pro Se



## STATEMENT PURSUANT TO RULE 12-I(a)

I hereby certify that on Nov 15, 2016, Plaintiff's counsel contacted Defendant Carlos Allen by phone and asked to extend discovery. Defendant explained to counsel that he would not extend discovery because he did not receive any discovery documents from Plaintiff at all. Defendant also communicated with Plaintiff's counsel and determined that Plaintiff does not consent to this motion.

Date: Nov 15, 2016

*[signature]*
Carlos Allen - Defendant
1715 Kilbourne Pl NW
Washington, DC 20010
Telephone: (240) 678-9846

UNITED STATES BANKRUPCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLASS SLOAN, ) | |
| ) | Case # 16-10027 |
| Plaintiff, ) | Judge S. Martin Teel, Jr. |
| ) | Next Court Date: 12/13/2016 |
| v. ) | Event: Pre Trial Conference |
| ) | |
| CARLOS ALLEN, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment has been furnished
via U.S. Mail to Howard Haley, Esq., 7600 Georgia Ave NW #405 Washington DC 20012 on this 16 day of November, 2016.

Carlos Allen Defendant
1715 Kilbourne Pl NW
Washington DC 20010
240-678-9846



## UNITED STATES BANKRUPCY COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| DOUGLASS SLOAN, ) | |
| ) | Case # 16-10027 |
| Plaintiff, ) | Judge S. Martin Teel, Jr. |
| ) | Next Court Date: 12/13/2016 |
| v. ) | Event: Pre Trial Conference |
| ) | |
| CARLOS ALLEN, *et al.*, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Upon the Defendant's Motion for Summary Judgement, after consideration of the record, and good cause having been shown therefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Defendant's Motion for Summary Judgement is GRANTED
2. The discharge of the Debtor, Carlos Allen, Granted

**END OF ORDER**

2



RECEIVED
Mail Room

NOV 17 2016

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia